■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN REVELLS, Appellant.—Appeal from judgment of the Supreme Court, New York County, rendered October 1, 1976, convicting defendant of manslaughter in the first degree upon his plea of guilty and sentencing him as a predicate felon, held in abeyance, counsel's motion to be relieved is denied and counsel directed to proceed as hereinafter indicated. The brief submitted by the attorney for defendant shows only that counsel sent two letters to this client out of which emerged the claim by defendant that his sentence as a predicate felony offender was improper because the prior conviction resulted in youthful offender treatment. Counsel asserts that this cannot be so since, at the time of the present conviction, defendant gave his date of birth as August 31, 1952 and his prior conviction was on a 1972 indictment. Thus, defendant had passed his nineteenth birthday at the time of his *prior conviction.* However, the right to youthful offender treatment is based on the age of the defendant at the time of *the commission of the crime* in question and not upon the time of indictment or conviction (CPL 720.10, subd 1). Defendant's age at the time he committed the predicate crime is not disclosed to us. The issue might readily have been resolved by submission of a certified copy of the prior conviction. Additionally, the sentencing minutes have not been submitted. While it is true that the county clerk's certificate indicates that the court reporter is no longer with the court system and the stenographic note readers have not been able to locate his notes, no information is furnished as to the contents of those minutes, nor has any endeavor been made to reconstruct them or to obtain from the Sentencing Judge a certificate of the substance of those minutes. Finally, *People v Saunders* (52 AD2d 833) mandates that counsel make a conscientious examination of the record and highlight anything which might arguably support the appeal. Upon his finding that the appeal is wholly frivolous, he should so state in this brief. This has not here been done. Accordingly, counsel is directed to serve and file an adequate brief, and such additional documentation as we have indicated, and mail a copy thereof to his client, within 30 days after notification of this decision by the clerk of the court. The District Attorney shall have 10 days to respond thereto. If, upon a full study, counsel shall be of the opinion that there are no nonfrivolous issues to be asserted, he may so state and renew his motion to withdraw. Concur—Fein, J. P., Bloom, Markewich, Silverman and Ross, JJ.